UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          Case No. 02-80971
                                          Hon. Victoria A. Roberts

MARVIN WILLIAMS

        Defendant.
_____

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

**I.     INTRODUCTION**

       This matter is before the Court on Defendant's Motion for Reconsideration.  For the following reasons, the Court **DENIES** Defendant's Motion.

**II.    BACKGROUND**

       The background of this case is sufficiently set forth in the Court's Order finding Defendant competent to stand trial, issued on January 26, 2006.  The Defendant now asserts there is a specific competency test for individuals who are mentally retarded, the Competence Assessment for Standing Trial for Mental Retardation ("CAST-MR").  During the competency hearing, neither expert relied on the CAST-MR.  Defendant asks the Court to appoint an independent expert to evaluate his competency using the CAST-MR.  The government opposes, arguing it is redundant and unnecessary.

1

### III.   STANDARD OF REVIEW

(g) Motions for Rehearing or Reconsideration.

(1) Time.  A motion for rehearing or reconsideration must be filed within 10 days after entry of the judgment or order.

(2) No Response and No Hearing Allowed.  No response to the motion and no oral argument are permitted unless the court orders otherwise.

(3) Grounds.  Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  **The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.**

E.D. Mich. LR 7.1(g)(emphasis added).

### IV.   APPLICABLE LAW AND ANALYSIS

The Defendant failed to establish that the failure of either expert to administer the CAST-MR was a defect and that administration of the test would result in a different disposition.

First, the Defendant provides the Court with no information on how the CAST-MR is more accurate, or how it addresses issues that were not already addressed in the competency hearing.  Defendant was evaluated by two experts, both of whom have testified in competency hearings before.  Both examined Defendant's abilities and his understanding of the current charges.  In addition, the Defendant was questioned by the Court.  Based on all of the evidence available, the Court determined Defendant competent to stand trial pursuant to *Godinez v. Moran*, 509 U.S. 389 (1993) and 18 USC §4241.  Defendant fails to show how this determination was inadequate.

2

Second, even if the determination should have included administration of CAST-MR - based on Defendant's undisputed mental retardation - the Defendant fails to show how this would result in a different disposition.  The government argues, and the Defendant does not contradict, that the test measures the variables that were already addressed in the Court's determination.

Consequently, the Court declines to reconsider its determination that Defendant is competent to stand trial.  Defendant's Motion is **DENIED**.

**IT IS SO ORDERED.**


**S/Victoria A. Roberts**
**Victoria A. Roberts**
**United States District Judge**

**Dated:  March 7, 2006**

| |
|---|
| **The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 7, 2006.**<br><br>**s/Carol A. Pinegar**<br>**Deputy Clerk** |